PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a hole in the right-hand lane of Route 79/3, Cabin Creek Road, coming out of Kayford, which is a road maintained by the respondent in Kanawha County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 28, 1998 at approximately 5:00 to 6:00 p.m. The weather was sunny and clear. Claimant was proceeding along Route 79/3 at about twenty to thirty miles per hour. Furthermore, claimant was traveling in the right-hand lane of Route, Cabin Creek Road, coming out of Kayford, West Virginia, when her vehicle struck a hole in the road. Having moved back to this particular area, claimant had not traveled on Route 79/3 in several years prior to the March 28,1998 accident. Claimant maintained that she did not see the hole until after the collision. However, on cross-examination, the claimant maintained that she could not avoid the collision with the hole because she had been confronted by oncoming traffic. As a result of the accident, claimant suffered two bursted tires and a bent rim on her 1986 Chevy Caprice Classic. Unfortunately, claimant only had liability insurance c overage o n h er v ehicle, w hich p recluded any reimbursement from h er insurance carrier. Claimant suffered a loss of $325.15. No documentary evidence was introduced by the claimant to prove these expenses at the June 11, 1999 hearing.
The well established principle of law in West Virginia is that the State is neither *25 an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In the present case, claimant never established that respondent was put on notice about the hole on Route 79/3, Cabin Creek Road, in Kanawha County. There was no evidence presented by claimant that the respondent did not take reasonable steps to ensure the safety of Route 79/3. Respondent did not have ample opportunity to make repairs to the road in question. Nor was there evidence presented by claimant that respondent should have been more vigilant. Consequently, there is insufficient evidence of negligence to base an award. Claimant is not entitled to an award for her loss. Therefore, in view of the foregoing, the Court hereby denies this claim.
Claim disallowed